**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE: ERIN L. BRADIGAN            )
                                   ) Chapter 13
                                   )
        Debtor(s)                  )
                                   ) Bk. Case No: 15-10467

**AMENDED CHAPTER 13 PLAN**

**NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL.BANKR. L.R. 3023-1**

The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer shall pay to the trustee the sum of $ 583.22          (monthly) for 60 months.

From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

    1. Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.

        (A) Debtor's Counsel Fees $3500.00 (Tiffany A. Poole)
        **Counsel fees to Tiffany Poole in the amount of $3500.00 shall be paid first, and then distributions shall subsequently be made under the plan as follows:**

        (B) Priority Taxes $112.00 to DE Division of Revenue (2014 state taxes)

        (C) Other Priority or Administrative Expenses _____

    2. (As applicable - Pro-rata with or subsequent to) dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

        (A) Long term or mortgage debt -PRE-PETITION ARREARAGE ONLY, to be paid to ASC          $ 28200.00        (total amount of pre-petition arrears for real property located at 128 Bellanca Lane). Debtor shall continue to make regular post-petition payments directly to ASC who holds the first mortgage on real property. This section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del.Bankr. L.R. 3023-1(b)(ii) and the parties shall be so governed.

(B) Other secured debt(s): _____ .

3. Surrender - Secured Collateral to: _____ . Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. §362 is terminated as to the property and any interest in the property. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

4. Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

General unsecured creditors will be paid [ ] a dividend of 100% of their allowed claim or [ X ] a pro-rata dividend of their allowed claims.

1. _____ BIOC
2. _____ Disp Income x 60 months as calculated under Section 1325(b), or [ ] a pro rata dividend, if any.

5. (If applicable) The following leases or executory contracts of the debtor will be treated as follows: _____

6. Except for undistributed plan payments held by the Trustee, title to the Debtor(s) property shall revest in the Debtor on confirmation of the plan. Upon conversion of this case to Chapter 7, or dismissal, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

7. A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the United States Bankruptcy Court, District of Delaware website (http://www/deb.uscourts.gov) And click on the Programs & Services tab, then select Filing a Claim. Click on "Submit a proof of Claim" link and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the United States Bankruptcy Court, District of Delaware website (http://www/deb.uscourts.gov) And click on the Forms tab. Select All Forms from the drop down menu, then select B10-Proof of Claim. Complete paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, DE 19801.

| | |
|---|---|
| /s/   Erin L. Bradigan | 4/13/15 |
| Debtor's Signature | Date |
| /s/ Tiffany A. Poole | 4/13/15 |
| Attorney For Debtor(s) | Date |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:    ERIN L. BRADIGAN                                         Case No.: 15-10467

**FIRST AMENDED PLAN ANALYSIS**

Prior: Bankruptcy ( )          Chapter 13 ( **X** )                Date: _____

Estimated Length of Plan: __60__ months.    Trustee Use:

§ 341 Meeting Date: _____ Continued: _____

Confirmed Date: _____

TOTAL DEBT PROVIDED FOR UNDER
THE PLAN AND ADMINISTRATIVE EXPENSES

| | |
|---|---|
| Total Priority Claims (Class One) | $_____ |
| Unpaid attorney's fees | $ 3500.00 |
| Taxes | $ 112.00 |
| Other | $ _____ |
| Total of Payments to Cure Defaults (Class Two) | $ 28,200.00 |
| Total of Payments on Secured Claims (Class Three) | $_____ |
| Total of Payments on Unsecured Claims (Class Four) | $_____ |
| **Sub-Total** | **$ 31,812.00** |
| Total Trustee's Compensation (10% of debtor's payments) | $ 3181.20 |
| Total Debt and Administrative Expenses | $ 34,993.20 |

RECONCILIATION WITH CHAPTER 7

Interest of Class Four Creditors If Chapter 7 Filed

1.    Value of Debtor's Interest in Non-exempt Property    $ _____

2.    Plus: Value of Property Recoverable Under Avoiding $ _____

3.    Less: Estimated Chapter 7 Administrative Expense    $ _____

4.    Less: Amounts Payable to Priority Creditors other
      than costs of administration                        $ _____

5.    Equals: Estimated Amount Payable to Class 4
      Creditors if Chapter 7 Filed (if negative, enter zero)  $ _____

Estimated Dividend for Class Four Under Chapter 7          $ _____

Estimated Dividend Under Plan                              $ _____

/s/ Tiffany  Poole_____       /s/   Erin L. Bradigan_____

Attorney for Debtor                           Debtor

/s/_____

Spouse